IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-184-D |
| KRISTOPHER IRELAND, TONI BEAN, and TYLER COPELAND, | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff State Farm Fire and Casualty Company's Motion to Amend Pleadings [Doc. No. 20]. Defendant Tyler Copeland has filed a timely objection. He opposes the Motion on the grounds that Plaintiff proposes to amend its pleading to request a declaratory judgment regarding insurance coverage that it is not in dispute and that the proposed amendment would not cure deficiencies in Plaintiff's prior pleadings, as argued in his pending Motion to Dismiss Both Plaintiff's Complaint and Amended Complaint [Doc. No. 17]. In its reply brief, Plaintiff explains the nature of the coverage issues that would be added by its proposed amendment.

Notwithstanding Defendant's concerns, the Court finds that the proposed amendment should be permitted under Fed. R. Civ. P. 15, which directs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equipment Co*., 451 F.3d 1196, 1204 (10th

Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Thus, an amendment of pleadings should be permitted unless a sufficient reason exists to deny leave to amend. *See id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation omitted).

Although Plaintiff's failure to tender a proposed pleading with its Motion has caused some uncertainty, the Court accepts Plaintiff's explanation in its reply brief regarding the coverage issues it proposes to add by further amendment. Also, Defendant Copeland concedes that circumstances have changed since Plaintiff's Amended Complaint was filed; he has amended his pleading in the underlying lawsuit to add claims against Defendant Toni Bean, the named insured. This amendment and other developments in the underlying litigation have raised additional and different coverage issues. Under these circumstances, the Court finds that further amendment of Plaintiff's pleading to address all disputed issues should be permitted.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Pleadings [Doc. No. 20] is GRANTED. Plaintiff may filed its proposed Second Amended Complaint within 7 days from the date of this Order.

IT IS FURTHER ORDERED that in light of the amendment authorized by this Order, Defendant Tyler Copeland's Motion to Dismiss Both Plaintiff's Complaint and Amended

Complaint for Declaratory Judgment [Doc. No. 17] is moot and, therefore, DENIED. The denial is without prejudice to the filing of a new motion, if appropriate, directed at Plaintiff's amended pleading.

IT IS SO ORDERED this  22nd  day of June, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE