IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STATE FARM FIRE AND CASUALTY )
COMPANY, )
 )
      Plaintiff, )
 )
vs. ) Case No. CIV-15-184-D
 )
KRISTOPHER IRELAND, )
TONI BEAN, and, )
TYLER COPELAND, )
 )
      Defendants. )

**O R D E R**

Before the Court is Defendant Tyler Copeland's Motion to Dismiss [Doc. No. 27], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff State Farm Fire and Casualty Company ("State Farm") has timely opposed the Motion [Doc. No. 29], and Mr. Copeland has replied [Doc. No. 30]. The matter is fully briefed and ready for decision.

**Factual Background**

A. The Federal Lawsuit

State Farm brings this action seeking a declaration that its insured, Toni Bean, is not entitled to coverage for claims made against her in an underlying state court action (the "Underlying Lawsuit") because she breached the "Duties After Loss" condition in her Homeowners Insurance Policy, No. 36-BP-2241-9 (the "Policy"). *See* Second Am. Compl.

-1-

[Doc. No. 25] ¶ 22.  State Farm further seeks a declaration that Kristopher Ireland,[1] Ms. Bean's grandson, is not covered under the Policy.  *See id.* ¶¶ 19-21.  Finally, State Farm seeks a declaration that it has no duty to defend or indemnify Ms. Bean or Mr. Ireland from claims made against them by Mr. Copeland in the Underlying Lawsuit.  *See* Pl.'s Resp. [Doc. No. 29] at 2-3.

By his Motion, Mr. Copeland contends that declaratory judgment in this case would improperly resolve substantive state law issues in the Underlying Lawsuit, and that the Underlying Lawsuit provides a more effective remedy regarding State Farm's Complaint. *See* Def.'s Mot. [Doc. No. 27] at 3, 5.  In response, State Farm contends that declaratory judgment will not resolve the Underlying Lawsuit, the Underlying Lawsuit does not afford a more effective remedy, evidence offered by Mr. Copeland in his Motion should be excluded because it is outside the pleadings, and that the Court should decline to convert Mr. Copeland's Motion to one for summary judgment pursuant to Fed. R. Civ. P. 12(d).  *See* Pl.'s Resp. [Doc. No. 29] at 3-4, 7.  In reply, Mr. Copeland contends that his proffered evidence is proper, should be considered by the Court, and does not require the Court to convert his Motion to one for summary judgment.  *See* Def.'s Reply [Doc. No. 30] at 2-3.

---

[1] Clerk's Entry of Default [Doc. No. 34] as to Mr. Ireland was entered on April 4, 2016.

B. The Underlying Lawsuit[2]

Mr. Copeland, an alleged invitee on the premises of Ms. Bean, seeks recovery in the Underlying Lawsuit for injuries sustained in a 2014 gunshot incident. Mr. Copeland alleges his injuries were the result of Mr. Ireland's negligent firing of a shotgun owned by Ms. Bean. Mr. Copeland further alleges that Mr. Ireland resided with Ms. Bean at the time of the incident, and that Ms. Bean failed to take precautionary measures to secure the shotgun and ammunition. At the time of the incident, Ms. Bean was insured through State Farm under the Policy. State Farm is not a named party to the Underlying Lawsuit.

**Standard of Decision**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008). As discussed more *infra*, although Mr. Copeland relies in part on Rule 12(b)(6) in support of dismissal, he makes little effort to show how State Farm's pleading fails to meet the pleading standard. The Court, likewise, devotes its attention to Mr. Copeland's other arguments for dismissal, but notes that State Farm's pleading easily passes muster under the *Twombly* standard.

---

[2] The Underlying Lawsuit, CJ-14-145, was filed in Lincoln County, Oklahoma, on October 1, 2014. As of the date of this Order, the Underlying Lawsuit is still in its pre-trial stages.

**Analysis**

A. Consideration of Exhibits

As a preliminary matter, the Court declines to convert Mr. Copeland's Motion to Dismiss to one for summary judgment, but will consider attached exhibits for the purpose of deciding this Motion. It is well established that, where a plaintiff refers to documents central to its argument in a complaint, and a defendant then attaches those documents to a motion to dismiss, "district courts have discretion in deciding whether to consider such materials" without converting the motion to one for summary judgment. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). The two exhibits at issue are Mr. Copeland's state court Amended Petition [Doc. No. 27-1] and Ms. Bean's Answer [Doc. No. 27-2] to the same. *See* Def.'s Mot. [Doc. No. 27]. Both documents were referred to by State Farm in its Second Amended Complaint, and both are central to its argument. *See* Second Am. Compl. [Doc. No. 25] ¶¶ 7, 12-16. Accordingly, both documents will be considered and Mr. Copeland's Motion will not be converted.

B. Declaratory Judgment

Mr. Copeland's challenge to State Farm's declaratory judgment action is not based on the sufficiency of its factual allegations, but on the principle that a federal court should not entertain a claim governed by the Declaratory Judgment Act, 28 U.S.C. § 2201, that seeks a determination of issues likely to affect a concurrent state court proceeding. The Declaratory Judgment Act provides "[i]n a case of actual controversy within its jurisdiction

. . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Whether the power to issue a declaration of rights should be exercised is a matter within the sound discretion of the district court. *See St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). In determining whether to exercise its discretion, the court should consider:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

Mr. Copeland cites *Runyon* as a basis for his Motion, arguing that where a concurrent proceeding in state court encompasses the same controversy, "the federal court is not required to refuse jurisdiction," but should not entertain the action "if the same fact-dependent issues are likely to be decided in another pending proceeding." *Runyon*, 53 F.3d at 1170 (citations omitted). However, *Runyon* is distinguishable from the present case. In *Runyon*, the Tenth Circuit affirmed the district court's decision in refusing to enter a declaratory judgment because the underlying lawsuit in state court was between the same two parties (the insured and insurer) and involved identical issues (breach of contract). *See id.*

at 1169. Here, State Farm is not a party to the Underlying Lawsuit, nor are its coverage issues being litigated therein.

A more closely-related case is *Mhoon*, *Runyon*'s precursor and the source of the analytical factors previously mentioned. In *Mhoon*, the Tenth Circuit affirmed the district court's decision in entertaining a declaratory judgment action brought by a homeowner's insurer seeking a determination that it had no duty to defend or indemnify the insured in connection with a pending state court tort action. On appeal, the insured claimed it was improper for the district court to hear the declaratory action because, in doing so, the district court decided issues that impacted the state court proceeding. The Tenth Circuit disagreed. Like here, the insurer in *Mhoon* was not a party to the state court action, "a live need for a declaration of State Farm's rights and duties did, in fact, exist," and "there [was] a substantial interest in deciding [the coverage] issues without undue delay, particularly the question of duty to defend." *Mhoon*, 31 F.3d at 984 (citing *Metro. Prop. & Liab. Ins. Co. v. Kirkwood*, 729 F.2d 61 (1st Cir. 1984) ("[D]eciding the duty to defend question first would allow the state tort action to be tried without the potential of a conflict of interest arising between insurer and insured.")); *see also State Farm Fire & Cas. Co. v. Wade*, No. 12-CV-0148-CVE-PJC, 2012 WL 2524859, at *2 (N.D. Okla. June 29, 2012); *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978); *W. Cas. & Sur. Co. v. Teel*, 391 F.2d 764 (10th Cir. 1968) (wherein court properly kept a declaratory action even in light of underlying state court tort action when declaratory action focused on coverage and duty to defend).

In light of *Mhoon*'s factors and analysis, declaratory judgment in the present action would serve a useful purpose in clarifying the legal relations between insurer and insured, which issues will not be determined in the Underlying Lawsuit. Moreover, the Underlying Lawsuit does not offer an alternative remedy, as the coverage and duty to defend issues are not expressly present there, nor is State Farm a party to that litigation. It does not appear that the declaratory action is being used as a method of procedural fencing, as the coverage and duty to defend issues presented are substantially separate from the issues to be decided in the Underlying Lawsuit. For these same reasons, there is little danger that the use of the declaratory action would improperly encroach upon state court jurisdiction or increase friction between the state and federal systems. Although perhaps some facts pertinent to the coverage issues could be determined in the Underlying Lawsuit, such would not result in a judicial determination of all of State Farm's coverage-related issues, and the mere possibility of some degree of overlap between the declaratory action and the Underlying Lawsuit does not compel dismissal of this case. *See*, *e.g.*, 10 B Wright, Miller & Kane, *Federal Practice and Procedure* §2758 (3d ed. 1998).

**Conclusion**

Therefore, upon consideration of the *Mhoon* factors, the Court finds that those factors militate in favor of exercising its discretion to hear the present declaratory judgment action, and that dismissal is not warranted. Accordingly, Mr. Copeland's Motion to Dismiss [Doc. No. 27] is DENIED.

IT IS SO ORDERED this 15th day of July, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE